**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN M. EVERSON,**

                          **Plaintiff,**

    **vs.**                                                   **5:23-CV-707**
                                                                     **(TJM/TWD)**

**ONONDAGA COUNTY,**

                          **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

      The Court referred this *pro se* civil action, brought pursuant to 42 U.S.C. § 1983, to Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff's Complaint, dkt. # 1, alleged that he was being held at the Onondaga County Justice Center, and that he was "a victim of prosecutorial misconduct" that he had "tried to bring . . . to the light by motions and by grieving the judge and the district attorney." Id. He explained that he had "fired multiple attorneys for failing to raise my issues as they don't want to fight my case they only want to get me a plea bargain of prison time and be done with my case." Id. Plaintiff further complains that he appeared before the grand jury wearing visible shackles, which prejudiced him and violated his due process rights. Id. Moreover, he claims, a lawyer shared information about his case with another inmate, and that inmate shared that

1

information with other inmates.  Id.  Plaintiff's case became prejudiced as a result.  Plaintiff also complains that prosecutors elicited false testimony without correcting the testimony, further violating his rights.  Id.

As Plaintiff filed a motion to proceed *in forma pauperis*, Judge Dancks gave the Amended Complaint an initial review to determine whether service was appropriate. Judge Dancks's Report-Recommendation, dkt. # 10, issued on September 5, 2023, recommends that the Court dismiss the Complaint with leave to amend.  Judge Dancks finds that Plaintiff's claims are likely barred by the Supreme Court's decision in Heck v. Humphrey, which holds that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).  A district court that finds that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" must dismiss the Section 1983 case "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Plaintiff's Complaint, Judge Dancks finds, contains no such demonstration.  Judge Dancks also concludes that Plaintiff has failed to offer any allegations that would establish municipal liability for Defendant Onondaga county.   The Complaint, Judge Dancks finds, does not allege that a municipal policy or custom caused Plaintiff's injuries, or that any state actor violated Plaintiff's constitutional rights.

Plaintiff objected to the Report-Recommendation.  See dkt. # 11.  When a party

objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Judge Dancks for the reasons stated in the Report-Recommendation. Plaintiff's objections do not address the grounds for Judge Dancks' Report-Recommendation, but simply restate the facts alleged in the Complaint.

Accordingly:

Plaintiff's objections to the Report-Recommendation of Judge Dancks, dkt. # 11, are hereby **OVERRULED**. The Report-Recommendation, dkt. # 10, is hereby **ACCEPTED** and **ADOPTED**. Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint that addresses the issues raised in Judge Dancks' Report-Recommendation if he can in good faith offer allegations that demonstrate his claims are not barred by Heck v. Humphrey and state a claim for municipal liability against the Defendant County of Onondaga. If Plaintiff can file an amended complaint that meets this conditions, he shall do so within forty-five (45) days of the date of this order. The Clerk of Court shall **CLOSE** the case if Plaintiff fails to file an amended complaint within forty-five days of the date of this order. Such closing will be

without prejudice to Plaintiff filing another complaint that raises these issues should the <u>Heck</u> bar be lifted.

**IT IS SO ORDERED.**

**Dated:** October 24, 2023

Thomas J. McAvoy
Senior, U.S. District Judge